# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TAFT RAEFFER LEWIS,

      Plaintiff,

v.

22ND JUDICIAL CIRCUIT COURT, PATRICK J. CONLIN, DARLENE A. O'BRIEN, MICHIGAN DEPARTMENT OF HEALTH AND HUMAN SERVICES, WASHTENAW COUNTY SHERIFF'S DEPARTMENT,

      Defendants.

_____/

Case No. 2:25-cv-10741

Hon. Brandy R. McMillion
United States District Judge

## OPINION AND ORDER OF SUMMARY DISMISSAL

Plaintiff Taft Raeffer Lewis ("Lewis") filed this *pro se* civil action against Defendants 22nd Judicial Circuit Court, Judge Patrick J. Conlin, Judge Darlene A. O'Brien, Michigan Department of Health and Human Services, and Washtenaw County Sheriff's Department (collectively, "Defendants") alleging constitutional violations for the unlawful enforcement of child support obligations. *See generally* ECF No. 1. He has also filed an application to proceed without the prepayment of fees or costs (*in forma pauperis*). ECF No. 2. For the reasons below, this case is **SUMMARILY DISMISSED** and Lewis's request to proceed *in forma pauperis* is **DENIED AS MOOT**.

1

I.

From a review of the Complaint, Lewis alleges that his "constitutional and statutory rights under federal law" have been violated by Defendants, as they have "engaged in unlawful enforcement of child support obligations under Title IV-D of the Social Security Act without a valid contractual agreement, thereby violating Plaintiff's due process and equal protection rights" since 1997. *See* ECF No. 1, PageID.2. He brings constitutional claims under the Fourteenth Amendment Due Process Clause, the Article I Contracts Clause, the Thirteenth Amendment, and a statutory claim under Title IV-D of the Social Security Act, 42 U.S.C. §§ 651-669. *Id*. at PageID.3-4. He seeks a declaration that that Defendant's actions are unconstitutional, an injunction barring enforcement actions, and damages in the amount of $20,000,000. *Id.* at PageID.4.

II.

"[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183

2

F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988)).

The *Rooker-Feldman* doctrine provides that lower federal courts do not have subject matter jurisdiction to review final judgments from state courts. *See Kovacic v. Cuyahoga Cnty. Dep't of Child and Family Servs.*, 606 F.3d 301, 309 (6th Cir. 2010). The Sixth Circuit has reaffirmed that the *Rooker-Feldman* doctrine applies to interlocutory state court orders as well. *See RLR Investments, LLC v. City of Pigeon Forge*, 4 F.4th 380, 396 (6th Cir. 2021). Federal courts have explicitly found that they lack jurisdiction under *Rooker-Feldman* to address a complaint that seeks review of child support orders issued by a state court, even on constitutional grounds. *See Belock v. Burt*, 19 F. App'x 323, 324 (6th Cir. 2001) ("Federal courts have no jurisdiction over challenges to state court decisions, even if the challenges allege that the state court acted unconstitutional"); *see also Rouse v. Nessel*, No. 21-1630, 2022 WL 13631916, at *2 (6th Cir. July 11, 2022) (Federal claims that require the district court to reject state-court child-support orders are barred under the *Rooker-Feldman* doctrine).

Additionally, pursuant to 28 U.S.C. § 1915, the Court is required to dismiss *in forma pauperis* complaints if it determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). A complaint

3

is frivolous if it lacks an arguable basis in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). The Court may dismiss a claim *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) if it is based on a meritless legal theory. *See Neitzke*, 490 U.S. at 327. Courts liberally construe *pro se* civil rights complaints. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, even under this less stringent standard, *pro se* pleadings remain subject to summary dismissal.

### III.

Lewis's claims, in part, appear to relate to a final child support order issued in state court. However, this Court is not the proper forum to raise issues appealing decisions related to state court child support proceedings. The *Rooker-Feldman* doctrine prohibits this Court from reviewing state court judgments, even those which would be considered interlocutory. *RLR Investments*, 4 F.4th at 396. To the extent that Lewis is disputing any of the specific terms of child support orders, or the actions that flow therefrom, he is entitled to raise those in the appellate jurisdiction of Michigan state courts. This Court is simply not the proper forum and lacks jurisdiction to grant any relief from those orders, even on constitutional grounds. *See Belock*, 19 F. App'x at 324; *Rouse*, 2022 WL 13631916 at *2.

Even if the Court were to exercise jurisdiction, the case must be dismissed as the defendants are immune from suit. First, Judges Patrick J. Conlin and Darlene A.

4

O'Brien are subject to judicial immunity. Generally speaking, judges "have broad immunity from being sued." *Norfleet v. Renner*, 924 F.3d 317, 319 (6th Cir. 2019) (citing *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (per curiam)). Federal law has long afforded judges absolute immunity from suits for money damages arising out of actions taken in a judge's official judicial capacity." *Hughes v. Duncan*, 93 F.4th 374, 378 (6th Cir. 2024). Absolute judicial immunity is overcome only in two situations: (i) nonjudicial actions (i.e., actions not taken in the judge's judicial capacity) and (ii) actions, though judicial in nature, taken in the complete absence of all jurisdiction. *Mireles,* 502 U.S. at 11-12. And based on the facts presented, neither exception is applicable in this case. Consequently, claims against Judges Conlin and O'Brien are dismissed.

Additionally, the Michigan Department of Health and Human Services is also immune from suit. The Eleventh Amendment protects states and their departments from private civil suits in federal court, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984). The State of Michigan has not consented to civil rights suits in federal court, *Johnson v. Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), and Congress has not abrogated Eleventh Amendment immunity in suits challenging constitutional violations, *Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993). Similarly, because Michigan courts operate as arms of the State, they are entitled to the same sovereign immunity as the

State of Michigan. *Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 762-64 (6th Cir. 2010); *Chambers v. Mich.*, No. 2:10-cv-12509, 2011 WL 940830, *3-4 (E.D. Mich. Mar. 16, 2011); *Young v. Dist. & Sup. Cts. of Mich.*, No. 2:10-cv-15144, 2011 WL 166331, *2 (E.D. Mich. Jan. 18, 2011) (citing cases). Therefore, because the Michigan Department of Health and Human Services is an agency of the State of Michigan and the 22nd Judicial Circuit Court operates as an arm of the State, both are protected by Eleventh Amendment immunity and claims against them must be dismissed.

Lastly, Lewis's claims against the Washtenaw County Sheriff's Department are also dismissed. Washtenaw County Sheriff's Department is a municipal entity, that employs officers to carry out the functions of the department. However, a municipal entity is not always responsible for the acts of its officers. Municipal liability is limited to action for which the municipality is "actually responsible." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (Brennan, J. concurring) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80 (1986)). To establish municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that [the] particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003); *see also S.H.A.R.K. v. Metro Parks Serving Summit Cnty.*, 499 F.3d 553, 563 (6th Cir. 2007) (stating that the entity "must be the moving force behind the deprivation, such that the entity's policy of custom played a part in the violation of

federal law") (cleaned up). Here, Lewis's claims fail to meet this standard. He has alleged no facts that support a finding of municipal liability as a matter of law, and therefore his claims against Washtenaw County Sheriff's Department must also be dismissed.

## IV.

Under the *Rooker-Feldman* Doctrine, this Court lacks jurisdiction to hear claims challenging child support orders of a state court. But even if the Court could exercise jurisdiction, the defendants are immune from suit and Lewis fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B). Consequently, all defendants should be dismissed.

Accordingly, Plaintiff's Complaint (ECF No. 1) is **SUMMARILY DISMISSED WITH PREJUDICE**. Plaintiff's request to proceed *in forma pauperis* (ECF No. 2) is **DENIED AS MOOT**.

IT IS SO ORDERED.

Dated: March 19, 2025

s/Brandy R. McMillion
HON. BRANDY R. MCMILLION
United States District Judge